IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| MICHAEL SEABROOKE, SR., <br><br> Plaintiff, <br><br> v. <br><br> MARK S. INCH, in his individual capacity, and COLETTE S. PETERS, in her official capacity as Director of Federal Bureau of Prisons, <br><br> Defendants. | CIVIL ACTION NO.: 2:23-cv-52 |

**O R D E R**

Plaintiff filed this action, asserting claims under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). Doc. 1. This matter is before the Court for a frivolity screening under 28 U.S.C. § 1915A. For the reasons stated below, I **DISMISS without prejudice** Plaintiff's Complaint in its entirety, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.[1]

**PLAINTIFF'S CLAIMS**[2]

Plaintiff asserts claims against Defendants Mark S. Inch and Colette S. Peters for failure to protect. Doc. 1 at 4. Plaintiff alleges Defendant Mark S. Inch, former Director of the Federal

---

[1]  Plaintiff consented to the undersigned's plenary review. Doc. 6.

[2]  All allegations set forth here are taken from Plaintiff's Complaint. Doc. 1. During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true." Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

Bureau of Prisons, implemented Federal Bureau of Prisons Policy 4500.12 on March 14, 2018. Id. This policy created a method of identifying inmates for staff for the purposes of restricting access to a BOP computer system known as TRULINCS. Due to this policy, Plaintiff claims he was identified by other inmates as a sex offender resulting in multiple assaults at three different prisons. Id. Plaintiff identifies three separate assaults between August 8, 2019 and April 29, 2021. Id. As a result of these assaults, Plaintiff suffered several injuries. Id. As relief for his claim, Plaintiff requests $2.5 million for accrued damages and ongoing treatment. Id.

Plaintiff also mentions an administrative tort claim he filed with the Federal Bureau of Prisons. Id. at 7, 22. Plaintiff did not receive an answer to his claim by March 15, 2023, so he filed this lawsuit. Id. Plaintiff provides no other factual allegations related to this claim.

## STANDARD OF REVIEW

A federal court is required to conduct an initial screening of all complaints filed by prisoners and plaintiffs proceeding *in forma pauperis*. 28 U.S.C. §§ 1915A(a), 1915(a). During the initial screening, the court must identify any cognizable claims in the complaint. 28 U.S.C. § 1915A(b). Additionally, the court must dismiss the complaint (or any portion of the complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief. Id. The pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993).

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact." Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006). In order to state a claim

upon which relief may be granted, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  To state a claim, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice.  Twombly, 550 U.S. at 555.

## DISCUSSION

I. **Official Capacity Claims**

Plaintiff brings this action under Bivens.  "Bivens only applies to claims against federal officers in their individual capacities; it does not create a cause of action for federal officers sued in their official capacities." Sharma v. Drug Enf't Agency, 511 F. App'x 898, 901 (11th Cir. 2013) (citing Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 69–71 (2001)).  "'Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit,' and '[t]he terms of the federal government's consent to be sued in any court define that court's jurisdiction to entertain the suit.'"  Id. (quoting JBP Acquisitions, LP v. United States ex rel. FDIC, 224 F.3d 1260, 1263 (11th Cir. 2000)).  There being no plausible allegation the federal government waived its immunity from suit, Plaintiff cannot sustain any constitutional claims against Defendants in their official capacities for monetary relief.  Accordingly, I **DISMISS** these claims.

II. **Eighth Amendment Claim**

Under Bivens, Plaintiff asserts an Eighth Amendment failure to protect claim against Defendant Inch.  Plaintiff contends the policy Defendant Inch implemented directly led to his assaults, which violated Plaintiff's constitutional rights.  Plaintiff fails to plausibly state a failure to protect claim based on his assaults.  To state a valid claim, Plaintiff would have had to allege a

3

defendant not only had (1) subjective knowledge of a risk of serious harm, but he or she also (2) disregarded that risk, (3) by conduct that is more than mere negligence.  See Melton v. Abston, 841 F.3d 1207, 1223 (11th Cir. 2016).  Because claims under 42 U.S.C § 1983 and Bivens are similar, courts generally apply § 1983 law to Bivens cases.  Abella v. Rubino, 63 F.3d 1063, 1065 (11th Cir. 1995).

To satisfy the objective component, the prisoner bears the burden of proving the challenged prison condition is "extreme" and "pose[s] an unreasonable risk of serious damage to [the prisoner's] future health or safety."  Chandler v. Crosby, 379 F.3d 1278, 1289 (11th Cir. 2004).  In order to violate the Eighth Amendment, the risk of harm from the condition must be "so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk."  Id. (emphasis in original).  Stated differently, the condition must result in the denial "of the minimal civilized measure of life's necessities."  Id.

Plaintiff must also satisfy a subjective prong by showing the jail officials acted with deliberate indifference.  Id.  This does not require the jail official purposefully acted to cause harm, but it does involve something beyond mere negligence.  Id.; Melton, 841 F.3d at 1223.  The prison official must know of and disregard an "excessive risk to inmate health or safety."  Farmer v. Brennan, 511 U.S. 825, 837 (1994).  In other words, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw that inference."  Id.  A prison condition generally does not violate the Eighth Amendment unless it involves "the wanton and unnecessary infliction of pain."  Chandler, 379 F.3d at 1289.

Plaintiff's allegations fail to satisfy either the objective or subjective prong of deliberate indifference.  Plaintiff has alleged no personal misconduct on the part of Defendant Inch.  To the

extent he does make a direct allegation regarding the challenged policy, Plaintiff only states Defendant Inch implemented the policy.  Plaintiff does not state the policy created an extreme or unreasonable risk or Defendant Inch knew about the extreme risk.  The policy only establishes guidelines for restricting TRULINCS system access.  Doc. 1 at 12.  Accordingly, Plaintiff does not plausibly state a deliberate indifference claim based on his assaults.  I **DISMISS** his failure to protect claim against Defendant Inch.

### III.    Plaintiff's Other Alleged Claims

In his Complaint, Plaintiff lists additional violations under the Americans with Disabilities Act, the Privacy Act, the Fifth Amendment, and the Fourteenth Amendment Equal Protection Clause.  Doc. 1 at 4.  "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Plaintiff has not included a plain statement of the claim or sufficient factual matter alleging he is entitled to relief under any of the above listed violations.  Accordingly, Plaintiff does not plausibly state a claim and is not entitled to relief.  I **DISMISS** Plaintiff's Americans with Disabilities Act, Privacy Act, Fifth Amendment, and Fourteenth Amendment Equal Protection Clause claims against all Defendants.

### IV.    Leave to Appeal *in Forma Pauperis*

The Court also denies Plaintiff leave to appeal *in forma pauperis*.  Though Plaintiff has not yet filed a notice of appeal, it is appropriate to address that issue in the Court's order of dismissal.  See Fed. R. App. P. 24(a)(3) (noting trial court may certify appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, the appeal is not taken in good faith.  28 U.S.C. § 1915(a)(3);

Fed. R. App. P. 24(a)(3).  Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999).  A party does not proceed in good faith when he seeks to advance a frivolous claim or argument.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact."  Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's action, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith.  Thus, I **DENY** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

For the foregoing reasons, I **DISMISS** Plaintiff's Complaint in its entirety, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.

**SO ORDERED**, this 21st day of November, 2023.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA